People v Welch (2025 NY Slip Op 04427)

People v Welch

2025 NY Slip Op 04427

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., MONTOUR, OGDEN, DELCONTE, AND KEANE, JJ.

589 KA 19-01173

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FREDRICK T. WELCH, DEFENDANT-APPELLANT. 

CARA A. WALDMAN, FAIRPORT, FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Ontario County Court (Kristina Karle, J.), rendered January 16, 2019. The judgment convicted defendant upon his plea of guilty of burglary in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of burglary in the third degree (Penal Law § 140.20). As defendant correctly concedes, by failing to object to the sentence on the ground that restitution was not part of the plea agreement or to move to withdraw the plea, he failed to preserve his contention that County Court improperly imposed restitution that was not discussed at the time that he pleaded guilty (see People v Motell, 229 AD3d 1330, 1331 [4th Dept 2024], lv denied 43 NY3d 931 [2025]; People v Predmore, 68 AD3d 1755, 1756 [4th Dept 2009], lv denied 14 NY3d 804 [2010]). We decline to exercise our power to review the contention as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court